## Puckett v. Commonwealth.

(Decided February 2, 1932.)

PENTECOST & DORSEY and G. LUCIEN DRURY for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Milton Puckett appeals from a judgment convicting him of manslaughter, and fixing his punishment at five years' imprisonment.

The only ground urged for reversal is that the evidence was not sufficient either to take the case to the jury or to sustain the verdict. Puckett introduced no evidence, and the facts shown by the evidence for the commonwealth are as follows: Appellant conducted a grocery store in the town of Waverly, Union county, on what is known as federal highway No. 60. In front of the store was a concrete sidewalk covered by a shed. The doorsill of the building was a few inches above the level of the sidewalk. Some three or four feet from the doorsill were two doors. About noon on November 22, 1930, Joe Purdue, who was about 25 years of age, was found lying on his back with his feet in the doorway of the store, and his hands at his sides. He had received a fatal wound from a shotgun over his left eye, and was also shot through the back of his hands. In the store against a post was a shotgun from which the shot was fired. The first witnesses to reach the scene of the crime were two small boys, one of whom was Charlie Reese. They heard the shot, saw the deceased fall, and walked up to the place where he was lying. While standing there, Charlie Reese heard appellant say, "Lay there and die, you son of a bitch, die." After that three other witnesses arrived. Two of them say that, when they asked appellant who shot the deceased, he said, "I shot him, but I had to." The third says that appellant, on being asked how he came to shoot the deceased, said, "Well I had to shoot him in self-defense." Appellant further told those pres-

ent not to move the deceased until they searched him. A brother of the deceased, who was present, searched the deceased and found in his front pocket a pistol and a handkerchief, and on other parts of his person a knife and two empty bottles. There were no other weapons on or near deceased. A few minutes before the shooting, appellant's 12-year-old daughter called the town marshal on the telephone and said, ''Come get Joe, he's raising Cain.''

The argument on behalf of appellant is that the evidence for the commonwealth shows that the deceased was drunk, armed, and ''raising Cain'' at appellant's door, that appellant had to stop him from coming in, and that the only way he could do this· was to take the shotgun that sat near the wall and fire at deceased as he came in the door. The further point is made that, not only was there no evidence tending to show that appellant did not act in his necessary or apparently necessary self-defense, but that appellant's statements, which were admissible as a whole, show that he had to shoot the deceased in self-defense. In the same connection it is said the theory of the defense was that Purdue had this pistol in his hands; that he had raised it and had drawn it up, and with head down in order that his eye might run a bead over the barrel in taking aim; that this accounts for the shot in the hands that held the pistol on a level with the eye, and that there were lead marks on the pistol, which would indicate that he was holding it in his hand when the shot was fired, but the pistol was not introduced in evidence, and thereby the defendant was prevented from proving that fact. Manifestly this is not a case where all the evidence showed that the accused acted in self-defense, or a case where that was the only reasonable inference to be deduced from the evidence.

Though the admissions of appellant that he shot the deceased were accompanied by the further statement that he had to, or that he shot him in self-defense, and the entire statements were admissible in evidence, it does not follow that the jury was bound to accept such statements as true, especially in view of the physical facts shown by the evidence. Nor was the jury bound to accept a mere theory, unsupported by evidence. It is clear that the deceased had received a mortal wound. When the witnesses arrived, there was no pistol near him. The only pistol found was in his right-hand pocket. Not only

is it unreasonable to say that, after receiving the fatal wound, he took the trouble to put the pistol back in his pocket, but the uncontradicted evidence shows that he was shot in the back of his hands, which in all probability could not have happened if he had been holding a pistol in both hands while in the act of firing at appellant. On final analysis, the case is simply one where appellant shot and killed the deceased without any evidence showing the circumstances under which it was done, other than the telephone message from his little girl to the town marshal that deceased was drunk and "raising Cain," which was admitted without objection, and appellant's self-serving statements that he had to shoot the deceased, or that he had acted in self-defense. In the absence of more conclusive evidence, it was for the jury to say in the light of the proven facts and circumstances whether or not appellant acted in his necessary or apparently necessary self-defense. In finding appellant guilty of manslaughter rather than murder, the jury did give effect to the statement of appellant's daughter that the deceased was there and "raising Cain." There is no basis for the insistence that the jury should have gone further and have acquitted appellant. We are therefore constrained to hold that the evidence was not only sufficient to take the case to the jury, but to sustain its verdict.

Judgment affirmed.